SimoN, J4
The plaintiff, who sues as dative testamentary executor of the estate of Sarah Baum, and as the successor in office of one Thomas Powell) who formerly acted as such, seeks to recover of the defendants, in solido, as the sureties of the said Powell, a certain amount which was received by the latter in his fiduciary capacity, and which he, said Powell, was condemned to pay to the plaintiff by a previous judgment.
William H. Martin, one of the sureties, joined issue, admitting that he signed the bond sued on as one of the sureties of Thomas Powell, but averring that Sarah Baum, at her decease, left no succession; that she was the lawful wife of John Kellar; that said Kellar is indebted to the said Powell; and that, therefore, his said principal in the bond sued on, is not liable for any sum what-* ever, to the succession which he administered, &c.
Previous to the trial of the suit, Martin having obtained a rule on the plaintiff to show cause why commissions should not issue to examine certain witnesses in the States of Indiana and Kentucky, for the purpose of proving by their testimony that Powell is a creditor of Kellar, that Kellar was the husband of Sarah Baum, and that the latter at her demise left no succession, said rule was discharged; and, on the day of the trial, the defendant having offered to introduce a witness to prove the same facts in support of his defence, this was objected to by the plaintiff’s counsel, on the ground, that Martin could not, as one of the sureties of Thomas Powell, set up as a defence that the deceased left no succession. The plaintiff!s objections were sustained by the court, a qua, which refused to allow the witness to testify, and the defendant took a bill of exceptions, which, by agreement of counsel, is also to apply to the refusal of the court to permit commissions to isstte.
Judgment was finally rendered below against Martin for the amount due by Powell, as executor ; and, after an unsuccessful attempt to obtain a new trial, based mainly upon the ground that the refusal of the J udge to allow time to the defendant to procure the testimony of his material witnesses residing out of the State, and to permit him to examine a witness on the trial to prove the facts alleged in his answer is erroneous, the defendant, Martin appealed.
*418 The only question which has been insisted on by' the appellant’s counsel in his argument before us, grows out of his attempt to- introduce below certain parol evidence by which he intended to sustain his defence; and it has been strenuously urged,, that as compensation is one of the modes of extinguishing an obligation, and takes place by the mere operation of law, even when its existence is unknown to the debtor, the defendant in this ease can oppose it, being one of those exceptions belonging to principal debtors, and which are inherent to the debt.
If we understand the object of the evidence offered and intended to be procured, it was for the purpose of establishing that Sarah Baum was a married woman at the time of her death ; that John Kellar was her husband; that the property she possessed belonged to the community of acquests and gains formerly existing between said John Kellar and his deceased wife ;■ that therefore, she had no estate of her own, but only one in community,- and that John Kellar being the head or master of the said community, the debt by him due to Powell should be compensated with the amount which the latter owes to the said community, as proceeding from his administration, as executor, of the estate of Sarah Baum, which, in fact, belongs to her surviving husband. To this it has been answered, that Powell himself made no such defence ; that, if he had, he could not have been allowed to gainsay or deny that there is an estate of Sarah Baum, from the recital in his bond; that, even supposing that the funds sued for belong to the community that may have existed between Kellar and the deceased, the rights of Powell, as a creditor of the said community, must be settled contradictorily with all the creditors thereof, to wit, by an account filed by the executor; and that Powell has no right to keep those funds in his possession, to apply them to the satisfaction of his claim by compensation, and must transfer them to his successor that the rights of all may be settled.
We think the Judge, a quo, did not err. Whether the amount sued for belonged to. the succession of Sarah Baum, or to the community said to have existed between her and John Kellar, is, in our opinion, immaterial. Thomas Powell received it as executor, and as such he was called upon to settle his account and *419 to reimburse the sums received. He may have been a creditor ©f John Kellar previous to the death of the latter’s wife; and if it be true, that they were legally married, (a fact which was established in the case of Baum's Succession; 11 Rob. 314,) and that therefore, there was a community between them, he may perhaps be entibled to claim his payment out of the effects and moneys belonging to what was considered at the time the bond was taken, to be the estate of Sarah Baum; but the amount sued for came into Powell’s hands as executor, and after the dissolution of the community, and although it may belong to the said community, it is perfectly clear to our minds that Powell cannot pretend to compensate the claim which he has against it, with the funds which he has in his hands in his fiduciary character. When an estate is administered, either by an executor, administrator or curator, it presupposes the existence of debts, and consequently of creditors, or at all events that it should be accounted for in due course of administration. If so, how could the executor be allowed to plead compensation of the funds which he is called on to account for in his fiduciary capacity, with the claim he may have to set up against the estate which he administers ? The estate which may be insolvent, must be settled in the ordinary course of law contradictorily with all the parties therein interested, whether it is one in community or not; the executor or administrator must bring the funds before the court which has jurisdiction over them, in order that they may be disposed of or decided according to the rights of the parties; he must render his account, and file a tableau ; and it will be time enough when such tableau is filed, and made subject to’, the homologation of the court, for the former executor or his sureties to appear and set up the claim, for the satisfaction of which they now attempt to keep the funds which they are bound to account for, as a consequence of Powell’s appointment and administration as executor. If those funds really belong to the community alleged to have existed between the deceased and Kellar, who is not a party to this action, the appellant will still be at liberty to claim his share of them, contradictorily with the surviving husband and the other creditors; but he must first account and pay over to his successor in office, what he owes as executor, and he has no right *420 to plead compensation. This doctrine is fully developed and com* mented on by Toullier, vol. 7, No. 380,381, who says : “ Mats la compensation n’est point admise enfaveur de celui qui, étant creamier ou débiteur dufailli, (or of a succession which is in due course of administration, or subject to the. rights of opposing creditors,) avant l’ouverture de lafallite, (or of the succession) est devenu depuis son débiteur ou son creamier, de quelque ma-niere que ce soit.”
Hoffman, for the plaintiffs.
McHenry and Roselius, for the appellant*
We conclude therefore, that in the absence of John Kellar, who is not a party to this suit, and of the creditors of the succession of Sarah Baum, or of the alleged community said to have existed between her and said Kellar, the Judge, a quo, decided correctly in considering the facts sought to be established, as foreign to the real merits of the controversy. But although the appellant’s plea of compensation is here disregarded and rejected, we think that his right to set up and liquidate his claim against the community to which he pretends that the amount sued for belongs, should be reserved for further adjustment contradictorily with all the parties that may be therein interested, to be paid qut of the funds in the plaintiff’s hands in due course of law, in case it can be shown hereafter, that those funds, though originally considered as belonging to the succession of Sarah Baum, really belong to said community.
It is, therefore, ordered and decreed, that the judgment of the Court of Probates be affirmed, with costs ; without prejudice to the reservation made above in favor of the appellant, and to his right to exercise his principal’s claims against the estate in community between John Kellar and his deceased wife, if any such community can be established, at any time hereafter, and after said appellant shall have satisfied the judgment appealed from.